## HEBERT *v.* MOUTON et al.

Where in an action against the heirs to recover an amount claimed for services rendered to their ancestor during her last illness, &c., it is proved that the plaintiff, on being interrogated by the parish judge while making the inventory, confessed that he had in his possession money belonging to the deceased, but refused to state the amount, he will be non-suited.

APPEAL from the District Court of Vermillion, *Boyce,* J. *Crow* and *Porter,* for the appellant. *Magill,* for the defendants.

The judgment of the court was pronounced by

KING, J. The plaintiff claims $400, for services rendered to *Marie Lise Mouton,* deceased, during the year last preceding her death, for funeral expenses and taxes paid, alleging that the defendants, who are the children of the deceased, have accepted the succession of their ancestor purely and simply. The defendants pleaded a general denial, and that the plaintiff, at the time of instituting his suit, was in the possession of funds belonging to the succession of the deceased, to an amount larger than that claimed in his petition. There was a judgment of non-suit rendered in the court below, from which the plaintiff has appealed. It appears from the testimony that when the inventory of the effects of the deceased was being made, the plaintiff, upon being interrogated by the parish judge, declared that he held a sum of money belonging to the deceased, but refused to disclose the amount, although several times warned by the judge of the consequences of his refusal, saying that he acted with legal advice.

Under this state of facts, we cannot accord to the plaintiff the relief he asks. He has acknowledged that he is the debtor of the deceased, and the amount of his debt, whatever it be, extinguishes by compensation to that extent his claim against the defendants. The knowledge of its amount appears to be confined to himself, the other party to the transactions out of which it grows having died. His refusal to make the disclosure deprives us of the means of deciding finally upon the matters in contest, without doing injustice to one or the other of he parties litigant. *Judgment affirmed.*